IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITE HERE HEALTH, | ) | |
| | ) | |
| MATTHEW WALKER, as fiduciary of | ) | |
| UNITE HERE HEALTH, | ) | |
| | ) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| vs. | ) | NO. |
| | ) | |
| AREAS USA EWR, LLC, a New Jersey limited | ) | JUDGE |
| liability company, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiffs, UNITE HERE HEALTH ("Welfare Fund") and MATTHEW WALKER, as

fiduciary of UNITE HERE HEALTH (collectively "Plaintiffs"), by their attorneys, complaining of

the Defendant, AREAS USA EWR, LLC, a New Jersey limited liability company, allege as follows:

### JURISDICTION

1.      This action arises under the laws of the United States and is brought pursuant to the

Employee Retirement Income Security Act of 1974, as amended ("ERISA"), §§502(a)(3) and 515,

29 U.S.C. §§1132(a)(3) and 1145.  Jurisdiction is based upon the existence of questions arising

thereunder, as hereinafter more fully appears.

### PARTIES

2.      Plaintiff Welfare Fund is a "welfare plan" pursuant to ERISA §§3(1) and 3(37), 29

U.S.C. §§1002(1) and 1002(37) and an "employee benefit trust fund" under the LMRA §302(c)(5)

and 29 U.S.C. §186(c)(5).  The Welfare Fund brings this action in such capacity as an entity pursuant to ERISA §502(d)(1) and §§502(e)(1) and (2) and 29 U.S.C. §§1132(d)(1) and 1132(e)(1).

3.     The Trustees of the Welfare Fund and the Seventh Amended and Restated Agreements and Declarations of Trusts ("Welfare Fund Trust Indenture") governing the Welfare Fund's establishment and operation authorize the Welfare Fund's Plan Administrator to initiate litigation on the Welfare Fund's behalf.  Matthew Walker, as Plan Administrator, brings this action pursuant to such authority and in his capacity as a fiduciary of the Welfare Fund pursuant to ERISA §§3(21)(A) and 502(a)(3) and 29 U.S.C. §§1002(21)(A) and 1132(a)(3).

4.     Defendant is a corporation and is engaged in the hospitality industry doing business at the Newark International Airport, with a principal  place of business located at 5301 Blue lagoon Drive, Suite 690, Miami, FL   33126-7034..

## VENUE

5.     The Welfare Fund maintains an office for the purpose of administering the aforementioned Welfare Plan, collecting pension contributions and administering pension benefits at 711 North Commons Drive, Aurora, Illinois.  Therefore, venue is proper in this district pursuant to ERISA §502(e)(2) and 29 U.S.C. §1132(e)(2).

## FACTS

6.     Defendant is an employer engaged in an industry affecting commerce and has agreed to be bound by certain collective bargaining agreements, as established below, under which Defendant is required, *inter alia*, to pay employee fringe benefits in the form and manner of monthly contributions to the Welfare Fund, in a sum certain, for and on behalf of Defendant's eligible employees.

2

7.    Defendant, by its authorized agent, executed a collectively-bargained labor agreement with UNITE HERE Local 100 of New York, NY and Vicinity, AFL-CIO, effective June 1, 2012 through May 31, 2016 (the "Agreement"), which require contributions be made to the Welfare Fund for and on behalf of Defendant's eligible employees.

8.    The Agreement bound Defendant to the Welfare Fund Trust Indenture under the terms of which Defendant, *inter alia*, shall pay, in addition to the amounts determined to be due, interest, liquidated damages, attorneys' fees and costs, audit costs, court costs and any other reasonable costs incurred by Plaintiffs in the collection process.

9.    Plaintiffs have complied with all conditions precedent in bringing this action.

10.    A copy of this Complaint has been served upon the Secretary of Labor and the Secretary of the Treasury, by certified mail, as required by ERISA §502(h) and 29 U.S.C. §1132(h).

## WELFARE FUND DELINQUENCIES

11.    The Welfare Fund incorporates by reference Paragraphs 1 through 10 of this Complaint as though fully set forth herein.

12.    Defendant has failed to submit payments to the Welfare Fund for benefits for the eligible employees identified on the audit report for unpaid contributions, liquidated damages, interest and audit costs for the audit period August 1, 2012 through December 31, 2013.

13.    As a result of the failure to make the required contributions for the audit, Defendant is currently indebted to the Welfare Fund in the following amounts:

| | |
|---|---|
| Principal | $26,332.94 |
| Interest | $ 2,137.08 |
| Liquidated Damages | $ 5,266.59 |
| Audit Costs | $ 9,506.25 |
| TOTAL | $43,242.86 |

14.     Interest has continued to accrue on the unpaid contributions and will continue to accrue during the pendency of this litigation.

15.     By failing to make the appropriate contributions to the Welfare Fund, Defendant has breached the Agreements and ERISA §§515, 29 U.S.C. §§1145.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant as follows:

(a)     on behalf of the Welfare Fund, the unpaid contributions owed to the Fund, together with any additional future unpaid contributions with interest accruing thereon at the rate of prime plus two (2%) percent per annum plus an amount equal to the greater of interest on the unpaid contributions or liquidated damages of twenty (20%) percent of the delinquent amount due as provided for under the Welfare Fund Trust Indenture and 29 U.S.C. §§1132(g)(2)(A-E);

(b)     all reasonable attorneys' fees and costs incurred by Plaintiffs in this action; and

(c)     such other legal or equitable relief as this Court deems just and proper, pursuant to ERISA §502(g)(2)(E) and 29 U.S.C. §1132(g)(2)(E).


/s/   Laura M. Finnegan


Laura M. Finnegan
Attorney for the Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6210637
Telephone: (312) 216-2563
Facsimile: (312) 236-0241
E-Mail: lmfinnegan@baumsigman.com

I:\HEREW\Areas USA, dba Newark\complaint.lmf.df.wpd